UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHERYLE TILLMAN,

      Plaintiff,

  v.

John Mendes, an individual;
PLACER COUNTY COURTS; COUNTY
OF PLACER; JUDGES OF THE
PLACER COUNTY COURTS; STATE
OF CALIFORNIA; and DOES 1-20,

      Defendants.

NO. CIV. S 02-2462 MCE PAN

MEMORANDUM AND ORDER

----oo0oo----

Defendants John Mendez, Placer County, Placer County Courts, the Judges of the Placer County Courts, and the State of California (collectively "Defendants") have asked this Court to dismiss the claims asserted by Plaintiff Cheryle Tillman (hereinafter "Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).  For the reasons discussed below, Defendants' motion to dismiss is GRANTED.

**BACKGROUND**

Plaintiff filed her complaint on November 12, 2002. In response, Defendants filed a motion to dismiss Plaintiff's complaint on December 31, 2002. On February 10, 2003, Plaintiff's case was stayed to allow for arbitration. On March 10, 2004, the Court allowed Plaintiff's attorney to withdraw from the case. The Court lifted its stay on February 24, 2005. On March 23, 2005, the Court rescheduled Defendants' 2002 motion to dismiss for hearing on May 2, 2005. Plaintiff filed opposition to Defendants' 2002 motion to dismiss through new counsel on April 12, 2005. Plaintiff failed to appear for oral argument, as scheduled, on May 2, 2005.

Plaintiff contends that during her employment with Defendants, she was instructed to violate both state and federal law. Plaintiff was allegedly ordered to 1) change orders issued by the Placer County Superior Court without proper authorization, 2) conceal names to be sent to the Department of Justice as required by law, 3) conceal bench warrants and information contained therein from federal and state law enforcement authorities, 4) alter sentencing and probation orders in violation of the California penal code, and 5) other unlawful acts. (Compl. at 3:3-10.)

After reporting these improper acts, Plaintiff allegedly suffered severe and illegal retaliation from Defendant Mendez and her employers as a result of her "whistle-blowing" activities. (Compl. at 3:21-4:7.)

Plaintiff has stated seven causes of action: 1) violation of

42 U.S.C. § 1983, 2) retaliation and wrongful termination in violation of public policy, 3) violation of California's Fair Employment and Housing Act ("FEHA"), 4) violation of California Labor Code §§ 201, 203, and 226, 5) retaliation in violation of FEHA, 6) intentional infliction of emotional distress, and 7) violation of California Government Code § 12653.  Notably, Plaintiff has alleged one federal claim (her first cause of action) and six state claims.

**STANDARD**

Defendants have moved for dismissal on several grounds; however, the Court need only consider Federal Rule of Civil Procedure[1] 12(b)(6) to reach a dispositive ruling in this case. On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his [or her] claim that would entitle him [or her] to relief. Yamaguchi v. Dep't of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997) (quoting Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996).

If a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  Under Rule 15(a),

---

[1] Unless otherwise stated, all further references to a "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

3

when there is no futility, undue delay, prejudice, bad faith, or dilatory motive on the part on the part of the movant, leave to amend a complaint is to be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Generally, leave to amend is denied only if it is clear that the deficiencies of the complaint could not be cured by amendment. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

## ANALYSIS

As discussed in the Background section, Plaintiff has stated seven causes of action, only one of which is a federal claim, specifically, a claim under 42 U.S.C. § 1983 (hereinafter "§ 1983"). As such, Plaintiff's asserted jurisdictional basis rests on two statutes: 28 U.S.C. § 1331 (federal question jurisdiction via a § 1983 claim) and 28 U.S.C. § 1343 (civil rights jurisdiction). (Compl. at 2:1-2.) The remainder of Plaintiff's claims (all of which are state claims) are before this Court on the basis of supplemental jurisdiction. 28 U.S.C. § 1367(a).

28 U.S.C. § 1343 (civil rights jurisdiction) states that the "district courts shall have original jurisdiction of any civil action *authorized by law* to be commenced by any person" seeking redress for the depravation of civil rights. 28 U.S.C. § 1343 (emphasis added). The Fifth Circuit, the Northern District of California, and other jurisdictions have found that a suit against a municipality (e.g., a city or county), which was not authorized under 42 U.S.C. § 1983, was not "authorized by law."

4

United Farm Workers of Florida Housing Project, Inc. v. City of Delray Beach, 493 F.2d 799, 802 n.1 (5th Cir. 1974); Stanislaus Food Products Co. v. Public Utilities Com'n, 560 F.Supp 114, 118 (N.D. Cal. 1982).  Thus, the Court finds that 28 U.S.C. § 1343 cannot serve as a basis for jurisdiction in this case unless Plaintiff can state a valid § 1983 claim.

42 U.S.C. § 1983 states in relevant part "Every *person* who, under the color of any statute . . . custom, or usage . . . subjects, or causes to be subjected, any citizen . . . to the depravation of any rights . . . shall be liable . . ."  42 U.S.C. § 1983 (emphasis added).  Thus, only Defendants who qualify as "persons" under § 1983 are amenable to suit under the statute.

The Supreme Court has found that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  The Court's holding in Will also applies to "governmental entities that are considered 'arms of the state' for Eleventh Amendment Purposes."  Id. at 70.  In Edmonson, the Ninth Circuit held that "California municipal and superior courts are arms of the state," and as such, do not qualify as "persons" under § 1983.  Edmonson v. Conta Costa Superior Court, 2 Fed Appx. 773, 774 (2001); Franceschi v. Schwartz, 57 F.3d 828, 831 (1995) (holding that "the system of courts in California is a statewide system," which gives the State, not the counties, direction and control over the courts).

Therefore, pursuant to the Eleventh Amendment's doctrine of sovereign immunity, the Court finds that the State of California and the Placer County Courts (i.e., Superior Courts of California

5

1 for Placer County) are immune from civil liability under § 1983,
2 absent waiver of immunity.  <u>Will</u>, 491 U.S. at 71.
3     Similarly, as state officials acting in their official
4 capacities, John Mendes (the Chief Executive Officer of the
5 Placer County Courts) and the Judges of Placer County are also
6 immune from civil liability under § 1983, absent waiver of
7 immunity.  <u>Id.</u>; <u>Bank of Lake Tahoe v. Bank of America</u>, 318 f.3d
8 914, 918, 918 n.10 (9th Cir. 2003) (noting that injunctive relief
9 sought in relation to an official's conduct in carrying out the
10 functions of his office amounts to a suit against the state).
11     In her opposition brief, Plaintiff openly acknowledged the
12 sovereign immunity of the State of California and its officials:

> Plaintiff concedes that both the State of California and John Mendes and the judges of Placer County, as both the state and state employees, have U.S. Constitutional Eleventh [Amendment] [i]mmunity from 42 U.S.C. Section 1983 claims in federal court.

(Opp'n at 2:17-21.)

19     Consequently, the Court grants Defendants' motion to dismiss
20 Plaintiff's § 1983 claims against 1) the State of California, 2)
21 the Placer County Courts (i.e., Superior Courts of California for
22 Placer County), 3) the Judges of Placer County, and 4) John
23 Mendes.  Plaintiff is granted twenty (20) days leave to amend in
24 accordance with the Court's ruling and Eleventh Amendment
25 jurisprudence.
26 //
27 //
28 //

6

1  This leaves only Placer County as a possible § 1983
2 defendant.  Both the Unites States Supreme Court and the Supreme
3 Court of California have recognized counties as "persons" for
4 purposes of § 1983 liability.  McMillian v. Monroe County, 520
5 U.S. 781, 784-86 (1997); Monell v. Dep't of Soc. Serv. of City of
6 New York, 436 U.S. 658, 691 (1978); Moor v. Alameda County, 411
7 U.S. 693, 719 (1973); Venegas v. County of Los Angeles, 32 Cal.
8 4th 820, 829 (2004).

9  However, counties are subject only to direct liability,
10 i.e., they cannot be held vicariously liable for the actions of
11 their employees.  McMillian, 520 U.S. at 785-86.  In fact, it is
12 only "when the execution of a [county's] policy[2] or custom . . .
13 inflicts the injury that the [county] as an entity is responsible
14 under § 1983."  Monell, 436 U.S. at 694; Venegas, 32 Cal. 4th at
15 829 (citing federal precedent).

16  Thus, to state a claim against Placer County under § 1983,
17 Plaintiff must allege that Placer County is directly liable for
18 her injuries, either via one of its regulations, policies, or
19 customs, or via a policy established by one of its official
20 policymakers.  McMillian, 520 U.S. at 784-85; Federation of
21 African American Contractors, 96 F.3d 1204, 1216 (1996).

22  The Court finds that Plaintiff's complaint, as drafted,
23 fails to state a valid § 1983 claim against Placer County.
24 Plaintiff has simply stated that Placer County is the employer of

---

[2] "Policies may be set by the [county's] lawmakers or by those whose edicts or acts may fairly be said to represent official policy.  A court's task is to identify those officials who speak with final policymaking authority for the [county] concerning the action alleged to have caused the particular constitutional violation."  McMillian, 520 U.S. at 785.

7

1 | alleged tortfeasors.  (Compl. at 2:12-16.)  The Supreme Court has
2 | expressly forbid such vicarious liability.  <u>Monell</u>, 436 U.S. at
3 | 691.  Consequently, Defendants' motion to dismiss Plaintiff's §
4 | 1983 claim against Placer County is granted.  Plaintiff is
5 | granted twenty (20) days leave to amend in accordance with the
6 | Court's ruling.
7 | //
8 | //
9 | //
10 | //
11 | //
12 | //
13 | //
14 | //
15 | //
16 | //
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

1  Having completely dismissed Plaintiff's only federal claim,
2 the Court declines to exercise supplemental jurisdiction over the
3 remaining state claims.  28 U.S.C. § 1367(c)(3) ("The district
4 court may decline to exercise supplemental jurisdiction over a
5 claim under this section if . . . the district court has
6 dismissed all claims over which it has original jurisdiction.").
7 Consequently, the Court dismisses Plaintiff's remaining state
8 claims pursuant to Rule 12(b)(1) for lack of subject matter
9 jurisdiction.

**CONCLUSION**

For the aforementioned reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff is granted twenty (20) days leave to amend in accordance with the Court's ruling.

IT IS SO ORDERED.

DATED: October 5, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE